(N. R. No. 1243.—)

JAMES OTIS MITCHELL, Petitioner, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Respondent.

*Announcement made March 21, 1952.*

JAMES OTIS MITCHELL, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and J. ADO WHITESIDE, State's Attorney, of Golconda, for the People.

Per CURIAM: Petitioner, imprisoned in the Illinois State Penitentiary, under a life sentence for the crime of murder, seeks release from that sentence under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1951, chap. 38, pars. 826-832.) He contends that his three counsel, who were selected and retained by him, were incompetent; wherefore, he conceives that he has been denied due process of law.

Ordinarily, a defendant who retains counsel of his own selection is responsible if that counsel does not faithfully serve his interest. Any other rule would put a premium

upon pretended incompetence of counsel; for, if the rule were otherwise, a lawyer with a desperate case would have only to neglect it in order to ensure reversal or vacation of the conviction.

Moreover, in this case, the trial court granted petitioner a hearing on affidavits, which affidavits satisfied that court that petitioner's claims were without merit in point of fact. Petitioner claims that he was not present at that hearing, nor was he permitted to call witnesses. He was, however, represented by counsel appointed by the court.

The Post-Conviction Hearing Act contemplates that the trial court may, if in the particular situation it is feasible to do so, try controverted issues of fact upon affidavits in lieu of oral testimony. The legislature has provided that mode of trial which we have held constitutional. *People* v. *Dale,* 406 Ill. 238. See, also, *People* v. *Jennings,* 411 Ill. 21.

Petitioner fails to demonstrate either that he was denied due process of law at the time of his original trial and conviction or that the record in this instant proceeding is infected with prejudicial error.

*Writer of error denied.*