308

(No. 32399.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES J. CUMMINS, Plaintiff in Error.

*Opinion filed March 23, 1953.*

GUY E. McGAUGHEY, JR., of Lawrenceville, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and PHILIP B. BENEFIEL, State's Attorney, of Lawrenceville, (WILLIAM C. WINES, and JOHN T. COBURN, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Charles J. Cummins is presently serving a term of one to twenty years in the Illinois State Penitentiary for the crime of indecent liberties with a male child. He was convicted and sentenced on a plea of guilty entered in the circuit court of Lawrence County on April 10, 1945. Seeking relief under the provisions of the Post-Conviction Hearing Act, he filed a petition in the same court on November 17, 1950, alleging that he had been denied due process and equal protection of law on the occasion of his conviction. In essence, he alleged that he had been deprived of his right of counsel by false promises of leniency, and misrepresentations as to his need for counsel, made by the State's Attorney who prosecuted the charge against him. The circuit court appointed counsel to represent petitioner in the matter of his petition and thereafter the People filed an answer denying petitioner's allegations and challenging the sufficiency of the petition. Petitioner traversed the answer and, later, was permitted to file an affidavit in which he presented facts in support of the charges in his petition.

The matter came on for hearing on September 13, 1951. Petitioner was not present in person but was represented by his appointed counsel. The former State's Attorney, at whom petitioner's charges were directed, was called as a witness for the People and, both on direct and cross-examination, denied that he had induced petitioner to forego his right to counsel, either by promises or misrepresentation. Following his appearance, petitioner's counsel introduced into evidence the petitioner's affidavit, the judge's minutes, which do not show that petitioner was queried or advised relative to counsel, the report of the grand jury and a copy of the indictment. No further evidence appears to have been offered or introduced by either party. From the record made the circuit court found that there was no showing that petitioner's constitutional

rights had been violated and judgment was entered denying the petition. Subsequently the petitioner, appearing *pro se* and as an indigent person, petitioned this court for further relief. We have granted a writ of error to review the judgment of the trial court and have appointed counsel to represent him here.

With regard to the hearing in the circuit court, it is first contended that the court erred in not permitting the petitioner to be present at the hearing. In making the contention, he asserts, that "when the trial court permitted oral testimony of the [former] State's Attorney, it was neither feasible nor fair to the petitioner to restrict his testimony to affidavit and to deny the petitioner the right to be present to testify in his own behalf, to face the State's Attorney, to assist in cross-examination and otherwise aid his counsel in presenting his case." Looking to this contention generally, we are constrained to remark that the record here does not show that the circuit court "denied" petitioner the right to be present or that the court "restricted" his testimony to affidavit. Counsel admits that petitioner had no inherent right to be present and the record is barren of any request or of any showing from which the court could determine that his presence was either a procedural or substantive necessity. Similarly, the record shows that petitioner made no offer of testimony other than that contained in his affidavit; thus we see no basis for a contention that his testimony was restricted. The record does not show an arbitrary refusal by the court in either respect.

In the case of *Mitchell* v. *People,* 411 Ill. 407, where a post-conviction petitioner complained that he was not present at the hearing or permitted to call witnesses, we said: "The Post-Conviction Hearing Act contemplates that the trial court may, if in the particular situation it is feasible to do so, try controverted issues of fact upon affidavits in lieu of oral testimony." We further pointed out that the legislature had provided such a mode of trial and that this

court had held it constitutional in *People* v. *Dale,* 406 Ill. 238, and in *People* v. *Jennings,* 411 Ill. 21. Thus, the only question presented for decision here is whether the circuit court, under the circumstances of the case, committed an abuse of discretion in accepting petitioner's affidavit in lieu of his oral testimony.

We find nothing in the record which causes us to believe that the court exceeded its authority or acted unreasonably. Section 2 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1951, chap. 38, par. 827,) contemplates that the petition, and supporting affidavits filed, shall state and substantiate the petitioner's case as strongly as it is possible to do so. In the present case the nature of the allegations of the petition and the matters set forth in the affidavit were of such a nature that the court could assume he had completely stated his case. In addition, no request or showing was made that petitioner's presence would be necessary. Under such circumstances, we think it was quite feasible and proper for the court to accept the petitioner's affidavit in lieu of his personal testimony.

Petitioner's suggestion that it was unfair to allow the former State's Attorney, at whom his charges were directed, to testify orally, overlooks the fact that petitioner was represented by counsel who cross-examined the witness thoroughly, thus providing a better opportunity for the court to determine the credibility of his testimony than would have been the case if his testimony had been given by affidavit. Petitioner seeks to overcome the effect of the presence of counsel in his behalf by a somewhat subtle insinuation that counsel could not be expected to perform his duty to the fullest extent because he was not being paid for his services and because he practiced law in the same community with the former State's Attorney. The record is entirely devoid of any basis for such an argument and certainly the trial court would not be required to impute such misconduct to an officer of the court in exercising its

discretion as to whether the petitioner's presence as a witness was required. Further, under this point, petitioner makes no showing which supports the allegations that his presence was necessary to assist counsel in preparation of the case and in conducting cross-examination. We conclude that the circuit court did not abuse its discretion in conducting the hearing as it did.

The next assignment of error is that the judgment of the circuit court denying the petition was against the weight of the evidence and contrary to law. The contention is bottomed on *Bute* v. *Illinois,* 333 U.S. 640, 92 L. ed. 986, an Illinois case, wherein the court held that the reception of a plea of guilty to the crime of indecent liberties by an accused who was neither represented by counsel nor advised of his right in that respect, did not, *per se,* deny the accused any constitutional right, but declared that if the prisoner proved that special circumstances in the case entitled him to counsel, his conviction must be deemed to have been in denial of due process of law. It is petitioner's position that his proof shows the existence of such special circumstances in this case, namely, that he was wrongfully deprived of his right to counsel by the promises, misrepresentations and deceit of the prosecutor. The issue is one of fact and the evidence relating to it is in direct and irreconcilable conflict. The circuit court resolved the issue against the petitioner. We find nothing in the record, nor has any basis been suggested, which impels us to substitute our judgment for that of the circuit court. The court having decided as it did, we are unable to say that any constitutional right of the prisoner was infringed.

For the reasons stated, the judgment of the circuit court of Lawrence County denying the prisoner's petition is affirmed.

*Judgment affirmed.*