(No. 36265.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES STACK, Plaintiff in Error.

*Opinion filed September 22, 1961.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. LEACH, Assistant Attorney General, and JOHN T. GAL-
LAGHER and MARVIN E. ASPEN, Assistant State's Attorneys,
of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Charles Stack, was charged with burglary
by two separate indictments returned to the criminal court
of Cook County and, after a bench trial, was found guilty
of both charges. After investigation and a further hearing,
an application for probation was denied and defendant was
thereafter sentenced to the penitentiary for a term of one
to two years on each charge, the sentences to run concur-
rently. He prosecutes this writ of error for review, his
single contention being that he was denied his constitutional
right to the assistance of counsel when, because of a conflict
of interest, the attorney of his choice deliberately refrained
from fully cross-examining the principal witness for the
prosecution.

Essential facts show that a young woman named Sharon
Oshan and two other men were jointly indicted with defend-
ant on one of the burglary charges. It also appears that, at
a preliminary hearing on such charge, defendant's trial
counsel represented Miss Oshan. Subsequently, the indict-
ment against the young woman was *nolle prossed* upon her
agreement to testify for the People and, at the trial, she gave
testimony vital to both of the prosecution's cases against
the defendant.

At the hearing on the application for probation, defend-
ant's counsel, in the course of presenting various arguments
to secure a favorable ruling, made the following statement
to the court: "Your Honor recalls the evidence. A young
girl testified. I do want your Honor to know she was a
client of mine in the felony court. I saw fit to ask your
Honor to pass on this case. I saw fit, also, I want this Court
to know, not to go into a lot of things that might have been
embarrassing to this young lady."

Although the issue was not raised and presented to the trial court for decision, defendant now claims, solely on the basis of the foregoing statement, a denial of his constitutional right to counsel of his choice on the ground that his trial counsel lacked fidelity and had a conflict of interest which prevented counsel from fully discharging his obligation to defend.

We have held on numerous occasions that where one accused of crime is represented by counsel of his own choice, he cannot assign error upon the alleged unfaithfulness or incompetence of his attorney. (*People* v. *Clark,* 7 Ill.2d 163; *People* v. *Ventura,* 415 Ill. 587; *Mitchell* v. *People,* 411 Ill. 407; *People* v. *Pierce,* 387 Ill. 608.) The record in this case indicates clearly that the defendant was represented by counsel of his own choice and his present allegation that his attorney was prevented, by reason of conflicting interest, from properly representing the defendant, will not be considered by us.

The defendant relies strongly upon *Glasser* v. *United States,* 315 U.S. 60, 86 L. ed. 680. In that case, the trial court appointed an attorney to represent the defendant over the defendant's objection that the attorney represented another defendant whose interests were in conflict. The *Glasser case* is readily distinguishable, since there the attorney was appointed by the court over the defendant's objections, and here the attorney was chosen and retained by the defendant.

Since the only assignment of error in this case is that the defendant's counsel did not properly represent him and we have determined that this contention is not open for our consideration, the judgments of the criminal court of Cook County must be affirmed.

*Judgments affirmed.*