(No. 36540.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES GUNN, Plaintiff in Error.

*Opinion filed September 27, 1963.*

JACK D. BEEM, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Charles Gunn was indicted together with Fred Brown, Leonard McGarry and James Washington in the criminal court of Cook County for the murder of Richard Hunter, who was killed during an attempted robbery. Washington and McGarry pleaded guilty. Gunn and Brown were both found guilty in a bench trial and each was sentenced to the penitentiary for a term of 14 years. Brown's conviction was reviewed and affirmed by this court in *People* v. *Brown*, 26 Ill.2d 308. A writ of error has been issued to review Gunn's conviction.

It is undisputed that defendant Gunn was gambling in an apparently unlicensed tavern in the basement of a building at 4601 South Michigan Avenue in Chicago at about 3:30 A.M. on July 12, 1959. Washington, McGarry and Brown entered the establishment and announced a robbery. Hunter jumped on McGarry's back and was shot by Washington. The robbers escaped and Hunter died of the gunshot wound.

Officer Vrdolyak and officer Nash both testified that defendant in an oral statement to them said he was the "front man"; that he went in first to see if everything was all right, "sized the place up", and then let his companions know what the "set up was" so they could "raise the joint". Defendant objected to this testimony on the ground that it amounted to a confession and he had not been furnished with a list of the names and addresses of all persons present at the time the oral statement was made to the police officers.

Section 1 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1959, chap. 38, par. 729), requires that defendant or his counsel be furnished with a list of the names and addresses of all persons present at the time an oral confession is made. The People concede that such a list was not furnished to defendant or his counsel but contend that that section of the Criminal Code does not apply because de-

fendant's statement did not amount to a confession. We cannot agree with this contention. The statement showed that defendant aided and abetted the others in the commission of the robbery. Defendant's presence at the scene of the crime and his negative acquiescence there does not establish his guilt and it was necessary for the People to show he shared the common design of the others to commit the robbery. The statement was a confession of the crime of which the defendant was tried and convicted.

The trial court erred in admitting the oral confession when a list of the names and addresses of all persons present when the confession was made was not furnished to defendant or his counsel. (*People* v. *Pelkola,* 19 Ill.2d 156.) In the circumstances presented by this case the error was prejudicial. (*People* v. *DuPree,* 26 Ill.2d 320.) The conviction is accordingly reversed and the cause remanded for a new trial.

*Reversed and remanded.*