(No. 40002.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES WASHINGTON, Appellant.

*Opinion filed November 30, 1967.*

WARD, J., took no part.
UNDERWOOD and HOUSE, JJ., dissenting.

LEE A. MONROE, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KIS-SANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In September of 1960 the defendant, James Washington, pleaded guilty to an indictment which charged him with murder. He was sentenced to imprisonment in the penitentiary for 25 years. On September 3, 1965, he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 et seq.), in which he alleged that he had been beaten by two named police officers until he told them that he had murdered the deceased during a robbery, but that he had refused to sign the written statement of his answers to the questions of the officers. He also

alleged that his attorney (who was privately retained) advised him that in his opinion the jury would convict him of murder because of the confession, and that his attorney also informed him that he had discussed the case with the trial judge and the prosecutor and it had been agreed "between the three of them" that if the defendant pleaded guilty he would be sentenced to 14 years in prison. The petition alleged that he pleaded guilty, "relying on the promise of his attorney," and that after he had been sentenced to a term of 25 years his attorney stated that he would have the defendant called back to court and have the sentence reduced to 14 years. The petition stated that because of his incarceration and his indigence he was not able to obtain affidavits from his sister and his attorney, but that the allegations of the petition would be substantiated by the trial record, the testimony of the police officers who beat him, the testimony of defendant's attorney, and the testimony of defendant's sister who was present during his conversations with his attorney.

The post-conviction petition was dismissed on the State's motion without a hearing. None of the witnesses named by the defendant was called to testify. An assistant State's Attorney stated, however, that he had spoken to the defendant's attorney, who had agreed to execute an affidavit but had been too busy to do so. The assistant State's Attorney also reported that the defendant's attorney said that everything in the petition, "as far as promises, is untrue—that he did not have any conference with any judge, that he would never operate that way, and so forth."

In this court the State argues that the post-conviction petition was insufficient because it lacked supporting affidavits. The statute provides that the petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." It also provides that counsel shall be appointed to represent an indigent petitioner upon request, and that

the petition may be amended. Ill. Rev. Stat. 1965, chap. 38, par. 122—2, 122—4, 122—5.

The petition stated why affidavits were not attached. It identified every person involved by name, and the prisoner's charge that his plea of guilty was based upon a coerced confession and upon the information given to him by his attorney was verified by his own affidavit.

The motion to dismiss the post-conviction petition was the usual mimeographed form. It stated: "1. Petitioner's allegations fail to raise any constitutional questions within the purview of the Post Conviction Hearing Act.

"2. Those of petitioner's allegations which might in their broadest sense be construed as raising such constitutional questions are merely bare allegations which, on numerous occasions, have been held by the Supreme Court of Illinois to be not sufficient to require a hearing."

The first of these grounds is patently untenable. The second was not mentioned during the argument in the trial court upon the motion to dismiss. It is apparently for this reason that the assistant public defender who was appointed to represent the defendant in the post-conviction proceeding did not seek leave to amend or to supply affidavits. Under these circumstances we think that the State may not now argue that the petition was properly dismissed for want of supporting affidavits. If the State is now permitted to depart from the position it took in the trial court, it means only that the defendant's appointed lawyer did not competently represent him because no request was made for leave to amend the post-conviction petition or to supply additional affidavits. (See *People* v. *Shockey,* 25 Ill.2d 528; *Shockey* v. *Illinois,* 375 U.S. 22, 11 L. Ed. 2d 43, 84 S. Ct. 83; *People* v. *Shockey,* 30 Ill.2d 147.) A new constitutional issue would thus be injected and those raised by the petition would remain unanswered, to be raised again in State or Federal courts. The time to dispose of those issues is now.

A prosecutor's unfulfilled promise of a reduced sentence,

or a misrepresentation by the trial judge as to the sentence to be imposed, invalidates a plea of guilty. "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States,* (1962) 368 U.S. 487, 493, 7 L. Ed. 2d 473, 478; see also, *McKeag* v. *People,* (1956) 7 Ill.2d 586, 588-89; *People* v. *Ross,* (1951) 409 Ill. 599, 604; *People* v. *Jameson,* (1944) 387 Ill. 367, 377; *People* v. *Moore,* (1931) 342 Ill. 316, 320; *People* v. *Carzoli,* (1930) 340 Ill. 587, 594. See Comment, 32 U. Chi. L. Rev. 167, 168-78 (1964).

This case differs from the many cases in which we have held that a guilty plea that is the result of improper influence must be vacated. There is here no allegation that either the prosecutor or the trial judge had made any representations to the defendant concerning the sentence that would be imposed upon him. There is, however, the defendant's sworn statement that his attorney, in the presence of the defendant's sister, stated that the judge and the prosecutor had agreed that if the defendant pleaded guilty he would be sentenced to imprisonment for a term of 14 years, and that "relying upon said promise of his attorney" he entered a plea of guilty. And there is the defendant's further sworn statement that after he had been sentenced his attorney stated that he would have him called back to court and have the sentence reduced to 14 years.

If in fact there was an agreement between the defendant's attorney, the prosecutor and the judge that the defendant would receive a sentence of 14 years, the judgment entered upon the plea of guilty can not stand.

The fact that the defendant, at the time he pleaded guilty, stated that he was pleading guilty because he was guilty, is significant but not conclusive. (*United States ex rel. McGrath* v. *LaValle,* (2d cir. 1963) 319 F.2d 308, 314; *Trotter* v. *United States,* (2d cir. 1966) 359 F.2d

419.) The defendant's sworn allegation may seem improbable in view of the evidence received upon the trial of his co-defendants, (see, *People* v. *Brown*, 26 Ill.2d 308; *People* v. *Gunn*, 28 Ill.2d 421), but the allegation remains undisputed, and a hearing should be had to determine its truth or falsity.

The judgment is therefore reversed and the cause remanded to the circuit court of Cook County for further proceedings. And since in this case "either the trial judge would be a material witness * * * or would have knowledge *de hors* the record of the truth or falsity" of the allegations of the petition, (*People* v. *Wilson*, 37 Ill.2d 617), the proceeding should be transferred to another judge for hearing.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.

Mr. JUSTICE UNDERWOOD, dissenting:

I must dissent from the majority decision that the post-conviction petition in this case is sufficient to necessitate an evidentiary hearing to determine the truth or falsity of its allegations.

The court recognizes the statutory requirement that "affidavits, records, or other evidence supporting its allegations" be attached to the petition, or their absence explained, in those cases where the record provides no support for petitioner's claims. Such is the case before us—the record is barren of corroborating evidence. Petitioner's only explanation of its absence is that "because of his incarceration and financial inability to obtain the services of an attorney he is unable to obtain affidavits from [his attorney] or [his sister] for attaching to his Petition."

While a defendant's indigency and incarceration might conceivably excuse his failure to provide supporting material in some instances, surely it cannot be thought sufficient to excuse his failure to secure an affidavit from his

sister corroborating defendant's allegations regarding her participation in the conversations with his attorney. (*People v. Ashley*, 34 Ill.2d 402; *People v. Reed*, 36 Ill.2d 358; *People v. Evans*, 37 Ill.2d 27.) Defendant's ability to draft an acceptable affidavit is amply demonstrated by a rather well-drafted *pro se* post-conviction petition and his verification thereof, and his petition alleges his sister personally visited him in the penitentiary during the week preceding the execution of his petition.

The majority avoid this problem by saying the State did not question the absence of the supporting material at the trial level and are therefore now precluded from doing so. In my opinion this conclusion is neither factually correct nor in accord with our prior decisions. The State's motion to dismiss filed in the trial court referred to the inadequacy of the "merely bare allegations" of the petition, and in the oral argument thereon the absence of a supporting affidavit by defendant's trial counsel was specifically commented upon. Moreover, this court has repeatedly held an *appellee* may sustain the judgment of a lower court "by any argument and upon any basis appearing in the record which shows that the decree is right, even if he had not previously advanced such argument." *Becker v. Billings*, 304 Ill. 190, 205; *Mueller v. Elm Park Hotel Co.*, 391 Ill. 391, 399; *Monarski v. Greb*, 407 Ill. 281, 291; *Merriam v. McConnell*, 31 Ill. App. 2d 241; *Miller v. Chicago Transit Authority*, 78 Ill. App. 2d 375, 381.

The desirability of requiring supporting affidavits is particularly evident in this case. This defendant, represented by retained counsel, entered a plea of guilty more than seven years ago which he now says was motivated by his counsel's statement that the judge had agreed to impose a 14-year sentence. The record discloses, however, that prior to accepting his plea that judge explained the charge, defendant's right to a jury trial, that he might be sentenced to death or imprisonment for life, and that *"there have been no promises*

made by the court as to what your punishment would be on the plea of guilty" (Emphasis added.) When asked whether he was pleading guilty of "your own free and voluntary will" he answered "That's correct." In response to his own attorney's question "and you are pleading guilty because you are guilty, is that correct?" defendant said "Correct". This record, to a considerably greater extent than most, negates the existence of the situation which defendant now asserts induced his plea.

The majority also say a plenary hearing should be held now, for, if it is not, the issue of incompetency of counsel in failing to seek leave to amend the post-conviction petition or supply additional affidavits will be used as a basis for continued litigation in State and Federal courts. But incompetency of counsel is not the only possible explanation for the absence of the required affidavits corroborating defendant's allegations—it is at least equally possible that they could not be obtained because defendant's sister was unwilling to swear to the truth of defendant's allegations.

Nor do I perceive any valid basis for permitting future litigation of these issues in either State or Federal courts. The defendant would have been entitled to be heard on the merits of his allegations in the trial court, and undoubtedly would have been heard thereon, had he complied with the statutory requirement of affidavits supporting his newly-made assertions of fraud on the part of his attorney. This requirement was obviously intended by the legislature to limit plenary hearings in post-conviction matters to those instances in which defendant had filed with their petitions such supporting material as was reasonably available to them. This is, it seems to me, a legitimate and desirable requirement which the State may impose upon those seeking to impeach their convictions of crime, and will, if enforced, eliminate the need for evidentiary hearings of unfounded petitions, thus reducing the trend toward successive and interminable litigation of the same or related issues

in criminal matters. Dismissal of defendant's petition without a plenary hearing was proper here, in my judgment, because of the absence of any corroborative affidavits and defendant's failure to adequately explain their absence. Under our rules this dismissal will be *res judicata* as to future efforts in State courts for it has been consistently held that where there has been a review by writ of error, including the presentation of a bill of exceptions, any claim which might have been raised, but was not, is considered waived. (*People* v. *Doherty,* 36 Ill.2d 286, 291; *Ciucci* v. *People,* 21 Ill.2d 81, 85; *People* v. *Dolgin,* 6 Ill.2d 109, 111.) And our statutory requirement of supporting material or adequate explanation of its absence is an independent and adequate State ground for dismissal of defendant's petition which should insulate this conviction from future attack in Federal courts. See *Fay* v. *Noia,* 372 U.S. 391, 425, 428, 9 L. Ed. 2d 837, 83 S. Ct. 822; *N.A.A.C.P.* v. *Alabama ex rel. Patterson,* 357 U.S. 449, 2 L. Ed. 2d 1488, 78 S. Ct. 1163; *Fox Film Corp.* v. *Muller,* 296 U.S. 207, 80 L. Ed. 2d 158, 56 S. Ct. 183; Hart, Foreword, The Supreme Court, 1958 Terms, 73 Harv. L. Rev. 84, 101-121 (1959).

If additional reason for affirming the trial court's action was necessary, it might well be found in the fact that defendant was represented by retained counsel prior to and at the time of entry of his guilty plea. We have frequently held charges of incompetency of privately retained counsel present no constitutional problem (*People* v. *Nischt,* 23 Ill.2d 284; *People* v. *Morris,* 3 Ill.2d 437; *Mitchell* v. *People,* 411 Ill. 407), and I am not at all certain that the allegations as to the conduct of retained counsel here attain constitutional stature.

If this were an isolated instance, remandment of the cause for a full evidentiary hearing would be of no great significance, but such is not the case. There are at least hundreds of post-conviction petitions filed each year. If trial

judges must, as the majority opinion would seem to indicate, conduct complete hearings on all such petitions even though no reasonable explanation of the failure to attach supporting material is given, the result will be to further impede the efficient administration of justice. The members of this court are all aware of the serious backlog problems in the metropolitan courts of this State. While these delays have heretofore been concentrated in the area of civil jury trials of personal injury claims, we are advised by the public defenders, State's Attorneys and the Administrative Director of our court system that delay in the disposition of criminal matters is increasing steadily and significantly. While I do not urge these facts as reasons to dilute the quality of justice in criminal matters, I do find them persuasive of the need to enforce the statutory requirement that a post-conviction petitioner supply such corroborative material as he might reasonably be able to secure. In its absence, the petition should be dismissed.

I believe the trial court properly dismissed the petition, and I would affirm.

Mr. JUSTICE HOUSE joins in this dissent.