THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL WALL, Defendant-Appellant.

(No. 71-384;

Second District—September 25, 1972.

580

E. Roger Horsky, of Elgin, and Frederick F. Cohn and Edward M. Genson, both of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Jack Hoogasian, State's Attorney, of Waukegan, (James B. Zagel, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On June 16, 1969, the defendant, Michael Wall, pleaded guilty in the circuit court of Lake County to a charge of theft of property exceeding $150 in value and was sentenced to a term of one to three years in the penitentiary. On March 9, 1970, Wall filed the first of three *pro se* petitions seeking relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) On July 24, 1970, following appointment of counsel to assist him in the proceeding, an amended petition was filed. The petition was denied, without an evidentiary hearing, on August 20, 1970.

An appeal from that dismissal was taken directly to the Supreme Court and on November 30, 1971, the cause transferred to this court pursuant to Supreme Court Rule 651. Ill. Rev. Stat. 1971, ch. 110A, par. 651.

The first petition, entitled "Petition For Post-Conviction Hearing In Forma Pauperis", stated that the plea of guilty "* * * was induced by virtue of the defendant being led to believe that he would be released after serving the minimum required by law on his sentence of from (1-3) one to three years." That petition was filed within 9 months from the date of his conviction.

The second petition, entitled "Amended Allegations To Original Post-Conviction Petition", was filed on April 27, 1970, and lists a number of unsupported conclusions in regard to alleged violations of Wall's constitutional rights. The third *pro se* petition, called "Motion To Vacate

Judgment and Set Aside Guilty Plea", was filed on June 10, 1970, and included an allegation that "Affiant's court assigned counsel assured affiant that he would receive parole in (1) one year once guilty plea was entered into record, and after it was entered, Said Prosecutor backed out of deal."

The amended petition prepared with the assistance of court appointed counsel, stated that the defendant "* * * pled guilty with the assumption that upon advice of counsel he would serve the minimum period of time at the prison and be released upon the expiration of a years service of sentence."

The Post-Conviction Hearing Act provides that the "* * * petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached". (Ill. Rev. Stat. 1971, ch. 38, par. 122—2.) There are no affidavits or other supporting records or evidence, attached to the various documents filed in this proceeding. However, the defendant argues that the sworn petitions themselves raised sufficient factual allegations to require an evidentiary hearing.

In the case of *People v. Williams*, 47 Ill.2d 1, 264 N.E.2d 697, cited by the defendant, Williams was sentenced to concurrent terms of 3 to 7 years on his pleas of guilty to two charges of armed robbery. Williams filed a *pro se* petition under the Act wherein he alleged that he was induced to plead guilty on the representation of his attorney that he would receive a sentence of 6 months to 1 year in the county jail. Our Supreme Court held that it was error to dismiss the petition, despite the lack of supporting affidavits, without a hearing, since the petition alleged a denial of a substantial constitutional right without any evidence to the contrary in the record.

Similarly, in the case of *People v. Washington*, 38 Ill.2d 446, 232 N.E.2d 738, also cited by the defendant, the Supreme Court held it was error to dismiss a *pro se* petition for post-conviction relief without a hearing where the defendant alleged his plea was induced by a promise of a sentence of 14 years whereas he received a sentence of 25. Although the petition in the *Washington* case was not supported by affidavits it did state why they were not attached.

In our case, the defendant has not alleged that he was induced to plead guilty on the basis of a promise of a lesser sentence than the one actually imposed. In his brief, the defendant contends that his plea was induced by the representation that he would be paroled after one year. However, the verified petitions are not, as we have seen, altogether clear on that point since in one he states he was "led to believe" he would be paroled;

582

in another, that he was "assured" he would receive parole; and, finally, in his amended petition, that he pleaded "* * * with the assumption" that he would be released after one year.

It was brought out that the only other person present at the alleged conversation between Wall and his attorney at the time parole was discussed was a Miss Janet Misch. Although the whereabouts of Miss Misch was at first unknown, it was disclosed at the final hearing that she refused to provide a supporting affidavit.

■■ Under these circumstances, we do not feel that the allegations included in the various documents filed by the defendant, at least partially contradictory and totally unsupported, were sufficient to require an evidentiary hearing.

■■ The defendant also urges that his plea of guilty was invalid since he was not properly informed by the trial court as to the possible consesequences. The record shows that the trial court admonished Wall that the "* * * penalty that could be assessed against you is from one to ten." He now argues that this admonishment was insufficient since it was not clear if the court referred to one to ten days, weeks, months, years, etc.

Although we find this argument disingenuous, we do not consider it since the point was not raised in either the original or amended petitions and is therefore waived. Ill. Rev. Stat. 1969, ch. 38, par. 122—3; *People v. Clements*, 38 Ill.2d 213, 230 N.E.2d 185.

For the reasons stated, the judgment of the trial court will be affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.