2019 IL App (4th) 170261

NO. 4-17-0261

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| CHRISTOPHER J. HARRIS, | ) | No. 09CF171 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices Turner and Cavanagh concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Christopher J. Harris, appeals from the summary dismissal of his

*pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-

7 (West 2016)). On appeal, defendant argues we should reverse the trial court's judgment

because his petition states an arguable claim his trial counsel rendered ineffective assistance by

failing to request a continuance on the last day of his trial to secure testimony from two

witnesses who would have supported his claim of self-defense. We disagree and affirm.

¶ 2                                I. BACKGROUND

¶ 3        On September 21, 2009, several members of the Gee family, including Raymond

("Rick") Gee, Ruth Ann Gee, Justina Constant (16 years old), Dillen Constant (14 years old), and

Austin Gee (11 years old) were found dead in their home. The youngest member of the Gee

family, T.G. (3 years old), was found alive but suffering from severe head trauma. Defendant, the ex-husband of Nicole Gee (a daughter of Rick), was later charged with various criminal offenses associated with the deaths and injuries caused to the members of the Gee family.

¶ 4　　　　At a May 2013 jury trial, defendant testified he acted in self-defense and killed 14-year-old Dillen after he entered the Gee residence and discovered Dillen was in the process of killing the other members of the Gee family. The jury disbelieved defendant's account and found him guilty of five counts of first degree murder (720 ILCS 5/9-1(a) (West 2008)), one count of attempt (first degree murder) (*id.* § 8-4(a), 9-1(a)(3)), one count of aggravated battery of a child (*id.* § 12-4.3(a)), one count of home invasion (*id.* § 12-11(a)(1)), and one count of armed robbery (*id.* § 18-2(a)). The trial court sentenced defendant to five terms of natural life imprisonment for first degree murder, 30 years' imprisonment for attempt (first degree murder), 30 years' imprisonment for home invasion, and 20 years' imprisonment for armed robbery, all of which were imposed consecutively. (The court merged the aggravated-battery-of-a-child conviction with the attempt (first degree murder) conviction.) On direct appeal, we affirmed defendant's convictions and sentences. *People v. Harris*, 2015 IL App (4th) 130672-U.

¶ 5　　　　In December 2016, defendant filed the instant postconviction petition claiming, in part, his trial counsel rendered ineffective assistance by failing to request a continuance on the last day of his trial to secure testimony from two witnesses who would have supported his claim of self-defense. Defendant alleged Nicole and A.H, his and Nicole's daughter, were scheduled to testify on the last day of his trial but had "unintentionally" missed their flight from Florida to Illinois. Defendant alleged the "testimony was crucial to the defense as both witnesses [had] firsthand knowledge of [Dill[e]n's] *** threats to kill everyone in his family," which "did not

have another source to come from during *** trial." To support these allegations, defendant attached to his petition (1) a signed and notarized personal evidentiary affidavit, (2) an unsigned "affidavit" drafted by defendant for Nicole, and (3) an unsigned "affidavit" drafted by defendant for A.H. In his personal evidentiary affidavit, defendant stated he questioned his trial counsel on the last day of trial regarding why counsel rested without calling Nicole and A.H., to which counsel stated he did so because Nicole and A.H. had missed their flights. Defendant averred, had Nicole been called to testify, she would have testified, in part, she "had talked with Rick Gee *** only days before the murders, and that Rick was scared Dill[e]n would violently act out after Rick had punished Dill[e]n recently for breaking down Rick[']s bedroom door[ ] and stealing money from Rick," and "Dill[e]n had 'lashed out' and said he 'would kill Rick' and said 'your [*sic*] not my dad.' " Defendant further averred, had A.H. been called to testify, she would have testified, in part, she "was there when Dill[e]n would tell his siblings that he'd kill them." Defendant noted in his affidavit both Nicole and A.H. were "willing to sign their affidavits, but due to the harsh conditions of confinement, I have been unable to secure them."

¶ 6        In March 2017, the trial court entered a written order summarily dismissing defendant's postconviction petition. As to defendant's claim suggesting his trial counsel rendered ineffective assistance by failing to request a continuance to secure testimony from Nicole and A.H., the court found defendant failed to attach the necessary supporting material or sufficiently explain why the same was not attached. The court also found, even if it considered defendant's summary of the alleged testimony from Nicole and A.H., that testimony did not show counsel's failure to seek a continuance to call those witnesses was arguably deficient as Nicole's testimony would have been inadmissible as hearsay and irrelevant and A.H.'s testimony would have been

inadmissible as neither specific nor associated with a relevant time frame.

¶ 7          This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9          On appeal, defendant argues we should reverse the trial court's judgment summarily dismissing his postconviction petition because his petition states an arguable claim his trial counsel rendered ineffective assistance by failing to request a continuance to secure testimony from Nicole and A.H. to support his claim of self-defense. The State disagrees.

¶ 10         The Act (725 ILCS 5/122-1 to 122-7 (West 2016)) "provides a mechanism by which a criminal defendant can assert that his conviction and sentence were the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both." *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The adjudication of a postconviction petition follows a three-stage process. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615. In this case, defendant's postconviction petition was dismissed at the first stage. We review a first-stage dismissal *de novo*. *People v. Boykins*, 2017 IL 121365, ¶ 9, 93 N.E.3d 504.

¶ 11         Because most postconviction petitions are drafted by *pro se* defendants, "the threshold for a petition to survive the first stage of review is low." *Allen*, 2015 IL 113135, ¶ 24. The low threshold, however, "does not excuse the *pro se* [defendant] from providing factual support for his claims; he must supply sufficient factual basis to show the allegations in the petition are 'capable of objective or independent corroboration.' " *Id.* (quoting *People v. Collins*, 202 Ill. 2d 59, 67, 782 N.E.2d 195, 199 (2002)).

¶ 12         Section 122-2 of the Act provides a postconviction petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the

same are not attached." 725 ILCS 5/122-2 (West 2016). "The purpose of the 'affidavits, records, or other evidence' requirement is to establish that a petition's allegations are capable of objective or independent corroboration." *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208 (2009). The supporting material must (1) show "the petition's allegations are capable of corroboration" and (2) identify "the sources, character, and availability of evidence alleged to support the petition's allegations." *Allen*, 2015 IL 113135, ¶ 34.

¶ 13        Our supreme court has found the failure to attach the necessary supporting material or explain its absence is "fatal" to a postconviction petition and alone "justifies the petition's summary dismissal." *Collins*, 202 Ill. 2d at 66; see also *Allen*, 2015 IL 113135, ¶ 26 (referring to a postconviction petition that fails to comply with section 122-2 as being "substantially incomplete"). However, our supreme court has also carved out an exception to this rule and found compliance with section 122-2 is not required where a defendant's claim is based on consultations with his or her attorney, as it can be reasonably inferred the only supporting material a defendant could provide, other than a personal evidentiary affidavit, is an evidentiary affidavit of the attorney, the difficulty of which is self-apparent. See *People v. Hall*, 217 Ill. 2d 324, 333-34, 841 N.E.2d 913, 919 (2005).

¶ 14        Defendant initially suggests he adequately supported the allegation in his postconviction petition that Nicole and A.H. had "firsthand knowledge of [Dill[e]n's] *** threats to kill everyone in his family" with his personal evidentiary affidavit, which outlined Nicole's and A.H.'s alleged testimony. We disagree. Defendant's personal evidentiary affidavit summarizing what he believed would be the testimony of Nicole and A.H. does not demonstrate defendant's allegation in his petition is capable of objective or independent corroboration, nor

does it identify the availability of evidence alleged to support the petition's allegation. See *People v. Dupree*, 2018 IL 122307, ¶ 34, 124 N.E.3d 908 ("[I]n most cases where [a claim of ineffective assistance based on counsel's failure to investigate and call a witness] is raised, without an affidavit [from the proposed witness], there can be no way to assess whether the proposed witness could have provided evidence that would have been helpful to the defense."); see also *People v. Teran*, 376 Ill. App. 3d 1, 4, 876 N.E.2d 734, 737 (2007) ("[C]ommon sense dictates that a defendant's own affidavit is not at all objective or independent.").

¶ 15 Defendant alternatively contends he provided a sufficient explanation for why he failed to obtain signatures from his ex-wife and daughter for the proposed affidavits he drafted for them. In support, defendant cites *People v. Washington*, 38 Ill. 2d 446, 449, 232 N.E.2d 738, 739 (1967), for the proposition that imprisonment, by itself, can excuse a defendant's failure to attach supporting material to a postconviction petition.

¶ 16 In *Washington*, the defendant, who was serving a 25-year prison sentence, appealed from the trial court's decision granting the State's motion to dismiss his postconviction petition. *Id.* at 447-48. In his petition, defendant alleged, in part, his attorney informed him, in the presence of his sister, the trial judge and the prosecutor agreed that if he pleaded guilty he would be sentenced to 14 years' imprisonment and, " 'relying on the promise of his attorney,' " he pleaded guilty. *Id.* at 448. Before the supreme court, the State argued dismissal was proper because defendant's petition "lacked supporting affidavits." *Id.* The court began by reviewing the contents of defendant's petition, noting it (1) "stated why affidavits were not attached," (2) identified every person involved by name, and (3) was verified. *Id.* at 449. The court next reviewed the contents of the State's motion to dismiss, as well as the State's arguments before

the trial court. *Id.* After reviewing the State's motion to dismiss and the arguments presented, the court found the State could not "depart from the position it took in the trial court" and "argue that the petition was properly dismissed for want of supporting affidavits." *Id.* After declining to entertain the State's argument, the court turned to the merits of defendant's claim. *Id.* at 449-50. The court found defendant was entitled to an evidentiary hearing on his claim and reversed and remanded for further proceedings. *Id.* at 450-51.

¶ 17 Contrary to defendant's argument, the supreme court in *Washington* neither (1) "held that under section 122-2[ ] [the defendant's postconviction] petition adequately explained why the sister's affidavit was not attached" nor (2) "relied on the fact that [the defendant] stated he could not obtain the affidavits because he was incarcerated." Instead, the court, after reviewing the contents of the defendant's petition and the State's written and oral arguments in support of its motion to dismiss, held that the State forfeited its argument concerning compliance with section 122-2 by failing to raise it before the trial court. In fact, Justice Underwood, in dissent, explicitly rejected the notion the defendant's explanation as to why he did not attach an affidavit from his sister was sufficient, stating:

> "While a defendant's indigency and incarceration might conceivably excuse his failure to provide supporting material in some instances, surely it cannot be thought sufficient to excuse his failure to secure an affidavit from his sister corroborating defendant's allegations regarding her participation in the conversations with his attorney." *Id.* at 451-52 (Underwood, J., dissenting).

In so finding, Justice Underwood noted, "The majority avoid this problem by saying the State did not question the absence of the supporting material at the trial level and are therefore now precluded from doing so." *Id.* at 452. We find *Washington* does not support the proposition imprisonment, by itself, can excuse a defendant's failure to attach supporting material to a postconviction petition.

¶ 18    Defendant also asserts the supreme court's later decision in *Collins* supports his interpretation of *Washington*. In *Collins*, 202 Ill. 2d at 66, the defendant, who failed to attach to his postconviction petition any supporting material and offered no explanation for the absence of such material, asserted his sworn verification could serve as a substitute for the supporting material required by section 122-2. In rejecting the defendant's argument, the supreme court found the defendant's reliance on *Washington* to be unpersuasive, as *Washington* was distinguishable. *Id.* at 67-68. The court distinguished *Washington* based on the fact the postconviction petition in that case contained "an explanation" as to why the supporting material was not attached, which it noted "explicitly" complied with the letter of the statute. *Id.* The court did not, however, address the sufficiency of the explanation given in *Washington.* At another point in its decision, the court asserted *Washington* was an example of a case where a *pro se* defendant should be excused from attaching supporting material as the burden to do so would be unreasonable. *Id.* at 68. The court, however, cited *Washington* as an example after only addressing the fact the petition in that case contained a claim arising from "conversations between the defendant and his attorney," the type of claim for which, as discussed above, the supreme court has carved out an exception to compliance with section 122-2. *Id.* at 67. We find *Collins* does not support defendant's interpretation of *Washington*.

¶ 19    As noted by the State, relief under the Act is available only to persons "imprisoned in the penitentiary." 725 ILCS 5/122-1(a) (West 2016). Yet the Act also includes the requirement to attach supporting materials. *Id.* § 122-2. Because the Act contemplates defendants seeking postconviction relief are likely to be imprisoned, we hold imprisonment, by itself, cannot excuse a defendant's failure to attach supporting material to a postconviction petition. To hold otherwise would be to render the requirement to attach supporting materials meaningless, which we may not do. See *People v. Lloyd*, 2013 IL 113510, ¶ 25, 987 N.E.2d 386 ("[S]tatutes should be *** construed so that no part is rendered meaningless or superfluous.").

¶ 20    Defendant has not described any efforts he made to obtain the signatures of his ex-wife and daughter for the proposed affidavits he drafted for them, nor has he described any circumstances, other than his imprisonment, that may have prevented him from obtaining those signatures. We find defendant's imprisonment, by itself, fails to adequately explain why he was unable to obtain supporting material. Because defendant failed to attach the necessary supporting material or provide a reasonable explanation for its absence, we find summary dismissal of defendant's postconviction petition was proper.

¶ 21                    III. CONCLUSION

¶ 22    We affirm the trial court's judgment.

¶ 23    Affirmed.

No. 4-17-0261

| | |
|---|---|
| **Cite as:** | *People v. Harris*, 2019 IL App (4th) 170261 |
| **Decision Under Review:** | Appeal from the Circuit Court of Logan County, No. 09-CF-171; the Hon. Scott D. Drazewski, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Peter Sgro, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Michael M. Glick and Eldad Z. Malamuth, Assistant Attorneys General, of counsel), for the People. |