NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241010-U

NO. 4-24-1010

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 12, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Pike County |
| JORDAN R. RAHAMAN, | ) | No. 21CF219 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra L. Wellborn, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court
Presiding Justice Harris and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err by summarily dismissing defendant's petition for postconviction relief because he failed to provide evidentiary support for his allegations or an adequate explanation for the absence of such evidence.

¶ 2    Defendant Jordan R. Rahaman appeals from the circuit court's order summarily dismissing his petition for postconviction relief. On appeal, defendant argues that his petition adequately raised the gist of a constitutional claim that his counsel was ineffective for failing to call his grandmother Salima Rahaman as an alibi witness. We disagree and affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                A. Trial and Direct Appeal

¶ 5 Because we addressed the facts at greater length in our order in defendant's direct appeal, we provide only a brief summary of the relevant facts. See *People v. Rahaman*, 2024 IL App (4th) 230105-U, ¶¶ 11-25.

¶ 6 Defendant was charged with six offenses based on allegations that he attacked his girlfriend's father, Timothy Gallagher, in Gallagher's home in Pittsfield, Illinois, on the afternoon of September 8, 2021. At a pretrial hearing, defense counsel stated that Salima would be called as a witness and that arrangements were being made to transport her from her home in St. Louis, Missouri, although counsel said nothing about the subject of her testimony. Salima ultimately did not appear on defendant's witness list and did not testify at trial. There is nothing in the record to indicate what Salima would have testified about or what Salima knew, if anything, about defendant's whereabouts during the attack on Gallagher.

¶ 7 After a jury trial, defendant was acquitted of two of the charges against him but convicted on the remaining four. The circuit court sentenced him to 20 years' imprisonment.

¶ 8 On direct appeal, defendant raised numerous contentions of ineffective assistance of counsel, none of which related to an alibi in general or Salima's testimony in particular. See *id.* ¶¶ 50-99. In February 2024, we rejected defendant's arguments and affirmed his convictions. *Id.* ¶ 101. Our mandate issued the following month.

¶ 9 B. Postconviction Proceedings

¶ 10 In June 2024, defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). Defendant alleged that he was denied his right to the effective assistance of counsel on several grounds. As relevant to this appeal, defendant stated:

"[D]efense counsel failed to interview and call as witness[es] at trial 3 individuals who could have corroborated my alibi. Salima Rahaman *** had proof that I was at her residence the morning and afternoon of the alleged incident, [but counsel] told her 'I don't need to put you on the stand, they don't have any evidence to show guilt so he'll be fine.' "

¶ 11    Defendant also stated that his girlfriend would have supported his alibi, along with someone named "Tim Buechel," "who c[ould] put [defendant] at his residence *** at the time of the alleged incident." Defendant did not attach affidavits from Salima or the other potential alibi witnesses, stating, "I have tried to obtain affidavits *** but have been unable to do so because I am incarcerated and it is dif[f]icult to do so without the help of the court."

¶ 12    The circuit court summarily denied the petition. With respect to defendant's allegations of "ineffective assistance of counsel due to not investigating or calling alibi witnesses," the court stated that it "consider[ed] these facts and their legal merits and determine[d] there [wa]s no factual basis for the Defendant's claims." The court also noted, "Defendant has not stated anything in the current petition which would overcome the fact that Defendant never raised any issue of potential alibi witnesses at trial or on appeal."

¶ 13    This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    The Act provides:

"(a) Any person imprisoned in the penitentiary may institute a proceeding under this Article if the person asserts that:

- 3 -

(1) in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.

* * *

(b) The proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) verified by affidavit." *Id.* § 122-1(a)-(b).

In addition to the defendant's affidavit, "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.* § 122-2.

¶ 16       At the first stage of the proceeding, if "the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition." *Id.* § 122-2.1(a)(2). Where the defendant's petition is unsupported by affidavits, records, or other evidence, dismissal is appropriate at the first stage if the petition fails to state why no evidence is attached. *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 64. Where, as here, the defendant alleges that he was denied his right to the effective assistance of counsel, the petition must allege that "(i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). Dismissal is appropriate when "the petition's allegations, taken as true, fail to present the gist of a meritorious constitutional claim." *People v. Collins*, 202 Ill. 2d 59, 66 (2002). "The summary dismissal of a postconviction petition is reviewed *de novo*." *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 17       In the present case, defendant's statement that he could not obtain affidavits because he was incarcerated is nothing more than a bare allegation that he is "imprisoned in the

- 4 -

penitentiary," which is always a prerequisite for seeking postconviction relief under section 122-1 of the Act. 725 ILCS 5/122-1 (West 2024). As such, we have held that imprisonment alone is insufficient to satisfy the additional pleading requirement of section 122-2. *People v. Harris*, 2019 IL App (4th) 170261, ¶ 19 ("Because the Act contemplates defendants seeking postconviction relief are likely to be imprisoned, we hold imprisonment, by itself, cannot excuse a defendant's failure to attach supporting material to a postconviction petition.").

¶ 18 Defendant counters that his failure to comply with section 122-2 can be excused because the record supports his claim that Salima would have provided favorable testimony. See *People v. Dupree*, 2018 IL 122307, ¶ 34 ("[D]ismissal is proper when the record *or* other evidence attached to the petition does not support the petitioner's claim." (Emphasis added.)). Of course, this is in tension with defendant's position that his claim of ineffectiveness does not rely *solely* on facts in the existing record; if it did, the claim would be forfeited due to his failure to raise it on direct appeal. See *People v. Veach*, 2017 IL 120649, ¶ 46 ("[D]efendants are required to raise ineffective assistance of counsel claims on direct review if apparent on the record."); see also *People v. Erickson*, 161 Ill. 2d 82, 88 (1994) (recognizing that even a claim as to "what trial counsel allegedly ought to have done in presenting a defense" may be forfeited in some circumstances). Because the State does not press a forfeiture argument in this appeal, we assume without deciding that defendant's claim was not forfeited. See *People v. De La Paz*, 204 Ill. 2d 426, 433 (2003) (addressing the merits of an issue when the State failed to argue forfeiture).

¶ 19 Although an alibi can be strong in the right circumstances, it tends to be an all-or-nothing defense; jurors are skeptical when defense counsel suggests both that the defendant was in another state at the time of the attack and that the State has failed to prove that the attack was more than a minor disagreement. *Cf. People v. Rangel*, 104 Ill. App. 3d 695, 700 (1982) ("A

defendant has a right to keep the jury from receiving instructions on lesser included offenses where, for example, the defense is alibi."). And, as the parties' arguments on appeal demonstrate, it is unclear that Salima's testimony would have risen to the level of a true alibi in light of defendant's allegations that he was "at her residence the morning and afternoon of the alleged incident" but at Buechel's residence "at the time of the alleged incident." See *People v. McCullough*, 2015 IL App (2d) 121364, ¶ 115 ("A defendant who attempts to prove an alibi must cover the actual and exact time that the crime was committed."). For that matter, even an ironclad alibi from a defendant's grandmother may not carry much weight with the jury. See 6 Linda S. Pieczynski, Illinois Practice, Criminal Practice & Procedure § 22:141 (2d ed. Nov. 2024 Update) ("Alibi witnesses are vulnerable if there is a close relationship between the witness and the defendant.").

¶ 20        All of this is to say that we can easily envision circumstances in which counsel's failure to call Salima as an alibi witness would have been neither deficient nor prejudicial. See, *e.g.*, *People v. Williams*, 2017 IL App (1st) 152021, ¶ 40 ("It was not unreasonable trial strategy to decide not to present the alibi testimony of defendant's sisters because their close relationship to him could have resulted in their testimony carrying little weight with the jury."). To resolve the issue in defendant's favor at a postconviction hearing, the circuit court would have to conclude that Salima's alibi testimony was so exculpatory that no reasonable defense attorney would have failed to call her under the circumstances. See *People v. Faulkner*, 292 Ill. App. 3d 391, 394 (1997) (noting that a trial strategy will be found deficient only when it was "irrational and unreasonable in light of the circumstances that defense counsel confronted at the time").

¶ 21        Therefore, at the pleading stage, defendant had to provide the circuit court with some "way to assess whether the proposed witness could have provided evidence that would have been helpful to the defense." *Dupree*, 2018 IL 122307, ¶ 34. Otherwise, it would be "impossible

to determine whether [counsel's] failure to call the[ ] proposed witness[ ] was evidence of ineffective assistance or simply trial strategy." *Id.* ¶ 36. And while we agree with defendant that the lack of an affidavit from Salima was not automatically fatal to his petition (see *id.* ¶ 33), "there can be no substantial showing of ineffective assistance of counsel for failure to investigate or call a witness if there is no evidence that the exculpatory [testimony] actually exists." (*id.* ¶ 37 (citing *People v. Guest*, 166 Ill. 2d 381, 402 (1995))). Despite defendant's argument to the contrary, there is nothing in the record to support his claim that Salima, if she had been called at trial, would have testified that she was with him in St. Louis at the time of the attack. See *id.* ¶ 36 (citing *People v. Thompkins*, 161 Ill. 2d 148, 163 (1994)). This deficiency *is* fatal to defendant's allegations of arguable deficiency and arguable prejudice.

¶ 22        Because defendant's petition for postconviction relief lacks any evidentiary support for his allegations or an adequate explanation for the absence of such evidence, the circuit court did not err by summarily dismissing the petition at the first stage. *People v. Delton*, 227 Ill. 2d 247, 258 (2008).

¶ 23                              III. CONCLUSION

¶ 24        For the reasons stated, we affirm the circuit court's judgment.

¶ 25        Affirmed.