No. 2--05--1103     Filed: 9-27-07

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 98--CF--1856 |
| DAVID TERAN, | ) ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the opinion of the court:

A jury convicted defendant, David Teran, of first-degree murder (720 ILCS 5/9--1(a)(1) (West 1998)), rejecting his insanity defense under section 6--2(a) of the Criminal Code of 1961 (720 ILCS 5/6--2(a) (West 1998)). On direct appeal, defendant argued that section 6--2(a) was unconstitutional. We rejected that argument and affirmed. People v. Teran, 353 Ill. App. 3d 720 (2004). In August 2005, defendant filed a postconviction petition, generally asserting that (1) the State's opening statement was improper; (2) his statement to the police was invalid because he had invoked his Miranda rights; (3) the State covered up evidence of his innocence; (4) the trial court erred in refusing his requests to dismiss his attorneys, change venue, and raise a defense other than insanity; (5) his confession was involuntary; (6) his attorneys were ineffective for providing no defense, failing to make objections, and erring in closing argument; and (7) he was denied a speedy trial. To his petition, defendant attached a sworn verification per section 122--1(b) of the Post-

Conviction Hearing Act (the Act) (725 ILCS 5/122--1(b) (West 2004)), but he did not attach--or explicitly explain the absence of--any "affidavits, records, or other evidence supporting [his] allegations" per section 122--2 (725 ILCS 5/122--2 (West 2004)). In September 2005, the trial court timely dismissed the petition summarily. See 725 ILCS 5/122--2.1(a)(2) (West 2004). Defendant timely appealed, and the trial court appointed the Office of the State Appellate Defender.

Pursuant to Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), appellate counsel moved to withdraw. Under Finley, we may grant such a motion only if there is "no nonfrivolous issue for appeal." Penson v. Ohio, 488 U.S. 75, 80, 102 L. Ed. 2d 300, 309, 109 S. Ct. 346, 350 (1988) (applying Finley's direct-appeal relative, Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967)); see Wilkinson v. Cowan, 231 F.3d 347, 351 (7th Cir. 2000) (applying Finley). Of course, a nonfrivolous issue is not necessarily one that will be successful; it is merely an issue with arguable merit. See Wilkinson, 231 F.3d at 351.

In the motion to withdraw, although appellate counsel did not explicitly address all of defendant's seven claims raised in the postconviction petition, his efforts sufficed to enable us to conclude that nearly all of the claims were subject to summary dismissal because either (1) they were based on matters of record, could have been raised on direct appeal, and thus were forfeited, and defendant did not avert the forfeiture by claiming ineffective assistance of counsel on direct appeal (see People v. Harris, 224 Ill. 2d 115, 124-25 (2007) (issues that could have been raised on direct appeal are forfeited); People v. Blair, 215 Ill. 2d 427, 445 (2005) (forfeiture is basis for summary dismissal); People v. Newbolds, 364 Ill. App. 3d 672, 677 (2006) (claim of ineffective appellate counsel averts forfeiture)); or (2) they were based on matters outside the record--and thus could not

have been raised on direct appeal--but defendant did not attach those matters to his petition or explain their absence (see 725 ILCS 5/122--2 (West 2004); People v. Collins, 202 Ill. 2d 59, 66 (2002)).

In treating defendant's second claim, however, appellate counsel observed that defendant alleged that he told his attorneys that he had invoked his Miranda rights but that they "refused to [i]nvestigate." In his motion to withdraw, appellate counsel stated:

"This claim would survive first-stage review under different circumstances. [Citation.] However, the claim in this case is not supported by any evidence, such as an affidavit from the defendant. [Citation.] Under Collins, a claim that is based on private conversations between the defendant and his trial counsel need not be supported by an affidavit from counsel, but must be supported by an affidavit from the defendant. [Collins,] 202 Ill. 2d at 66-68. Contrast People v. Hall, 217 Ill. 2d 324, 332*** (2005) (virtually identical post-conviction claim to that in Collins survives first-stage review because it is supported by the defendant's affidavit)."

In Hall, a case in which the defendant attached his own affidavit to support his claims, our supreme court considered whether the affidavit satisfied the requirements of section 122--2. The court stated:

"We recognize this court has stated that the purpose of section 122--2 is to show a defendant's postconviction allegations are capable of objective or independent corroboration. Collins, 202 Ill. 2d at 67. Failure to attach independent corroborating documentation or explain its absence may, nonetheless, be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney." (Emphases added.) Hall, 217 Ill. 2d at 333.

The court determined that, in light of the allegations in the petition and the defendant's affidavit, such an inference did arise, as the defendant's claim was based on "a private consultation between [the] defendant and his attorney." Hall, 217 Ill. 2d at 333.

Thus, the Hall court did not determine that the defendant's affidavit provided objective or independent corroboration of his claim; indeed, common sense dictates that a defendant's own affidavit is not at all objective or independent. What the Hall court determined was that, in light of the allegations in the defendant's affidavit (and the petition), his failure to attach such objective or independent corroboration was excused.

In this case, although defendant did not submit his own affidavit (again beyond the sworn verification), his petition alone established that his second claim was likewise based on a private consultation between defendant and his attorneys. Thus, defendant's affidavit was not necessary for that purpose, and, because no affidavit of defendant's would have provided objective or independent corroboration per section 122--2, defendant's affidavit was not necessary for that purpose either. On the contrary, due to the basis for the claim, defendant's failure to provide such corroboration was excused. Or so it could be argued.

On those grounds, after we gave defendant 30 days to respond, which he did, we denied counsel's motion to withdraw. Referring counsel to the above passage in Hall, we ordered him to "file a brief addressing whether the defendant's post-conviction petition was meritorious to the extent that it relied on private conversations between the defendant and his attorneys, despite his failure to attach his own affidavit."

Appellate counsel did not file a brief as directed by our order. Instead, he filed a motion requesting us to reconsider our order denying his motion to withdraw. Our research has failed to

uncover any Illinois case considering a request for reconsideration of the denial of a motion to withdraw under Anders or Finley, and we have found only a handful of unreported cases nationwide where such a request was addressed by a reviewing court. Nonetheless, we are aware of no authority that prevents counsel from requesting us to reconsider the order. This court has the inherent authority to vacate or set aside its own orders (People v. Nichols, 143 Ill. App. 3d 673, 676 (1986); Illinois State Chamber of Commerce v. Pollution Control Board, 67 Ill. App. 3d 839, 843 (1978)), and a party may certainly request this court to exercise such authority, by making an application for such relief through a motion filed in compliance with the requirements of Supreme Court Rule 361 (210 Ill. 2d R. 361). See People v. Pertz, 242 Ill. App. 3d 864, 905 (1993) (noting that motions made in the reviewing court are open for reconsideration). The purpose of a motion to reconsider is to bring to the court's attention (1) newly discovered evidence that was not available at the time of the first hearing, (2) changes in the law, or (3) errors in the court's application of existing law. See Merchants Bank v. Roberts, 292 Ill. App. 3d 925, 929 (1997). A motion to reconsider is not an opportunity to simply reargue the case and present the same arguments and authority already considered. See Chesrow v. Du Page Auto Brokers, 200 Ill. App. 3d 72, 78 (1990).

In his motion to reconsider, appellate counsel asserted his "strong disagreement" with our order and suggested that our order was "based on a fundamental misunderstanding of the holding in Hall." Convinced that we had ordered him to make a wholly frivolous argument--despite the absence of any conceivable reason why we would do such a thing--appellate counsel explained that he could not "in good conscience argue that the defendant's failure to attach any affidavits to his petition is excused by Hall, when [he] knows that is not the case." He then discussed Hall, but did not address the specific passage to which we referred him. He concluded that, even if he were "tempted" to make

the argument (apparently choosing to ignore the fact that he had been ordered to do so), "this is not the case in which to raise such an argument. The defendant in this case is delusional."

Although the purported basis of counsel's motion was to note this court's alleged errors in its application of existing law, in our view the motion was an improper attempt to reargue the case and to express his disagreement with our decision. Putting aside counsel's belief that we misunderstood the law, we found remarkable counsel's assertion that he was not even "tempted" to make an argument that we ordered him to make. On a motion to withdraw, the ultimate responsibility to determine the frivolity of potential issues lies with this court rather than appellate counsel. See Anders, 386 U.S. at 744, 18 L. Ed. 2d at 498, 87 S. Ct. at 1400; Wilkinson, 231 F.3d at 351. While counsel may not agree with our legal determination and may believe that the argument that we identified would be unsuccessful, his conscience need not be troubled in arguing an issue that we have determined to be nonfrivolous. We also found remarkable counsel's assertion that, even if the argument were nonfrivolous, this particular defendant would be unworthy of it. While we have no reason to think that counsel's intent was to disrespect the client he had been appointed to represent, it nonetheless seems to us that he did so.

After giving defendant another 30 days to respond to appellate counsel's motion to reconsider, which he did, we remained unpersuaded that the argument we had ordered counsel to brief was frivolous. Accordingly, we denied appellate counsel's motion to reconsider and entered an order stating that "there is arguable merit in the contentions that (1) section 122--2 requires available objective or independent corroboration; (2) a defendant's own affidavit provides corroboration that is neither objective nor independent and thus does not satisfy section 122--2; and (3) the requirement of objective or independent corroboration is excused where a claim is based on private conversations

between attorney and client." We referred appellate counsel not only to Hall but also to People v. Williams, 47 Ill. 2d 1, 4 (1970). There, as here, the defendant submitted only a sworn verification, but, because the petition alone established a private conversation, the supreme court deemed section 122--2 satisfied. We reiterated our order that appellate counsel "file a brief addressing whether defendant's postconviction petition was meritorious to the extent that it relied on private conversations between defendant and his attorneys, despite his failure to attach his own affidavit."

Once again, appellate counsel did not file a brief as ordered by this court. Instead, appellate counsel filed a second motion to reconsider, which is now before us. Conceding nothing, he asserts that, putting aside the question of compliance with section 122--2, defendant's claim fails on the merits. He presents this argument despite his implication in the original motion to withdraw that defendant's claim would survive first-stage review but for defendant's failure to comply with section 122--2. Now he tells us that "the circumstances that prevent the instant defendant's claim from being the gist of a constitutional claim go far beyond its lack of supporting documentation." We gave defendant yet another 30 days to respond, which he did. We also ordered counsel to appear on August 28, 2007.

Prior to considering the merits of counsel's second motion to reconsider, we address defendant's pro se motion "for an extraordinary writ," which we denied during oral argument on August 28, 2007. The motion, which was filed in this court on August 27, 2007, requested entry of an order requiring the Illinois Department of Corrections to deliver defendant to the appellate courthouse in Elgin on August 28, 2007, so that he could participate in oral argument. Defendant asserted that, in view of appellate counsel's request to withdraw from his case, his presence at oral

argument was necessary to protect his interests. During oral argument, we indicated that we would discuss the reasons for denying the motion in our opinion disposing of the case. We do so now.

As this court has previously noted, it is well settled that a defendant has no right to present oral argument during the appellate process. See People v. Lambert, 364 Ill. App. 3d 488, 493 (2006), citing Herring v. New York, 422 U.S. 853, 863 n.13, 45 L. Ed. 2d 593, 601 n.13, 95 S. Ct. 2550, 2556 n.13 (1975), and Ogle v. Estelle, 641 F.2d 1122, 1127 (5th Cir. 1981). This rule applies even when a defendant proceeds pro se on appeal. See Price v. Johnston, 334 U.S. 266, 285, 92 L. Ed. 1356, 1369, 68 S. Ct. 1049, 1060 (1948), overruled on other grounds, McCleskey v. Zant, 499 U.S. 467, 113 L. Ed. 2d 517, 111 S. Ct. 1454 (1991). In view of these authorities, and under the circumstances in this case, we determined that defendant's presence was not necessary at oral argument. This court gave defendant notice of appellate counsel's motion to withdraw and the two motions to reconsider, and we provided defendant the opportunity to file written responses. Defendant filed written responses to all three motions, and prior to oral argument we had the opportunity to review his responses. Such a procedure comported with constitutional requirements (Anders, 386 U.S. at 744, 18 L. Ed. 2d at 498, 87 S. Ct. at 1400; Wilkinson, 231 F.3d at 351), and defendant's presence at oral argument was not otherwise necessitated by the interests of justice (see Johnston, 334 U.S. at 283-84, 92 L. Ed. at 1368, 68 S. Ct. at 1059-60).

Turning to the merits of appellate counsel's second motion to reconsider, we initially note the extraordinary nature of a second request to reconsider our order denying counsel's motion to withdraw. In our experience, such a request is unprecedented. Even more extraordinary is that counsel's motion is not a proper motion to reconsider. As noted, counsel's second motion to reconsider raises an argument that was not presented in the original motion to withdraw or even in

his first motion to reconsider. Generally, a motion to reconsider may not properly raise a new legal theory or factual argument. North River Insurance Co. v. Grinnell Mutual Reinsurance Co., 369 Ill. App. 3d 563, 572 (2006). Nonetheless, in the interest of judicial economy, we will address it.

Again, defendant's claim was that he told his attorneys that he had invoked his Miranda rights but that they "refused to [i]nvestigate." This was essentially a claim of ineffective assistance of counsel. Such a claim requires a defendant to demonstrate that (1) counsel's performance was objectively unreasonable; and (2) it is reasonably probable that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068 (1984); People v. Evans, 369 Ill. App. 3d 366, 383 (2006). After review of the record, which is our ultimate responsibility (Anders, 386 U.S. at 744, 18 L. Ed. 2d at 498, 87 S. Ct. at 1400; Wilkinson, 231 F.3d at 351), we determine that the record refutes defendant's assertion that his attorneys' performance was unreasonable. See 725 ILCS 5/122--2.1(c) (West 2004) (court may consider trial transcript at postconviction summary-dismissal stage); People v. Heard, 84 Ill. App. 3d 543, 546 (1980) (dismissal appropriate where transcript refutes petition).

Defendant's attorneys did move to suppress his statement, asserting not that he invoked his Miranda rights but that he invalidly waived them. This was unquestionably a reasonable choice. As appellate counsel points out, "both detectives that were present during the interrogation repeatedly denied that the defendant invoked any of his rights." Thus, to pursue defendant's invocation theory, his attorneys could have done little more than place defendant's credibility against the detectives'. The invalid-waiver theory was much stronger. Indeed, defendant's attorneys provided an expert who concluded "to a reasonable degree of psychological certainty that he had deficient abilities or

competence to in some cases factually understand but in many more significant cases rationally appreciate his waiver of rights in Miranda." Because the record establishes that defendant's attorneys reasonably refused to pursue defendant's invocation theory, his petition was properly dismissed.

In response to the second motion to reconsider, as in response to appellate counsel's previous motions, defendant generally (but quite lucidly, we might add) expresses his frustration with counsel's representation during this appeal. We sympathize. But the fact remains that the ultimate issue before us is whether this appeal presents any issue of arguable merit. It does not. Although appellate counsel has led us on a tortuous path to that conclusion, eventually he led us there.

After examining appellate counsel's second motion to reconsider and defendant's response, we determine that no issue supports this appeal. Thus, we grant the second motion to reconsider, we grant the motion to withdraw as counsel, and we affirm the judgment of the circuit court of Du Page County.

Affirmed.

GROMETER, P.J., and CALLUM, J., concur.