**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190119-U

Order filed February 16, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Fulton County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0119 Circuit No. 87-CF-109 |
| DAVID R. WILLIAMS, | ) ) ) | Honorable Anthony William Vaupel |
| Defendant-Appellant. | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Lytton and Schmidt concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court did not err when it dismissed defendant's 2018 motion to vacate a 1988 judgment and when it denied defendant's motion to reconsider the dismissal.

¶ 2    Defendant David R. Williams moved in 2018 to vacate a 1988 judgment finding him to be a sexually dangerous person. The trial court found the motion barred by the two-year statute of limitations applicable to motions filed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). We affirm.

¶ 3                                  FACTS

¶ 4         Defendant David R. Williams was charged in October 1987 with aggravated criminal sexual abuse. Ill. Rev. Stat. 1987, ch. 38, ¶ 12-16(c)(1). In November 1987, the State filed a sexually dangerous person petition based on three incidents where Williams engaged in the offense of sexual abuse. Williams underwent two independent psychiatric evaluations, both of which concluded he was likely to commit further sexual acts on children in the foreseeable future. Both evaluators noted that Williams suffered from borderline mental retardation. The reports also revealed Williams had been found unfit in 1983 before standing trial in 1984 after his fitness was restored.

¶ 5         In June 1988, Williams entered a negotiated plea, admitting to the allegations in the State's petition and that he was a sexually dangerous person, and agreeing to confinement in the Illinois Department of Corrections (IDOC) in its sexually dangerous offenders' program until he was "rehabilitated" or "cured." In exchange, the State agreed to drop the criminal charge against him. The trial court entered a commitment order, the State nol-prossed the criminal charge, and Williams was committed to the IDOC.

¶ 6         Throughout his commitment, Williams has filed multiple applications for recovery, all of which have been denied. See 725 ILCS 205/9 (West 2018). In December 2001, he filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2000)), alleging the State violated his due process rights and IDOC falsified a report concerning his discharge. It is unclear in the record what happened with this petition. In 2005, the court appointed Chuck Colburn of the State's Attorney's Appellate Prosecutor's Office as special prosecutor due to a conflict of interest with the Fulton County State's Attorney's Office. Colburn appeared three times for the State in 2005. Apparently, no further actions took place.

¶ 7        In May 2018, Williams filed a second section 2-1401 petition (735 ILCS 5/2-1401 (West 2018)) in which he sought to vacate the June 1988 judgment. In August 2018, the trial court noted that confusion existed regarding representation by the State. It stated that Colburn was appointed as special prosecutor in August 2005 but there was no order releasing the special prosecutor nor had the special prosecutor asked for release from the appointment. The court found a conflict of interest continued to exist with the Fulton County State's Attorney's Office and ordered a representative from the appellate prosecutor's office to appear. Charles Zalar filed an entry of appearance as special prosecutor on August 20, 2018.

¶ 8        Also, in August 2018, the State filed a motion to dismiss Williams's motion to vacate, arguing, in part, that the statute of limitations barred the motion. At a hearing, Williams agreed that the void judgment argument he presented as a basis for his motion was hindered by the decision in *People v. Castleberry*, 2015 IL 116916, which abolished the void judgment rule. Per agreement of the parties, the trial court granted the State's motion and dismissed Williams's motion. It stated Williams could refile or appeal. The trial court also granted the special prosecutor's motion to withdraw, finding no ongoing conflict of interest existed requiring the special prosecutor to handle the case. Williams subsequently moved for reconsideration of the dismissal order, which the trial court heard and denied. Williams timely appealed the denial of his section 2-1401 petition and his motion to reconsider the denial.

¶ 9                                    ANALYSIS

¶ 10        On appeal, Williams argues that the trial court erred in dismissing his motion to vacate and in denying his motion to reconsider the dismissal. He asserts his motion should not have been dismissed as time barred, arguing exceptions apply which allow him to challenge the judgment

3

beyond the two-year limitations period. He further argues that his trial counsel was ineffective for failing to seek a fitness hearing.

¶ 11 Section 2-1401 provides that a party may receive relief from a final judgment or order more than 30 days after its entry. 735 ILCS 5/2-1401(a) (West 2018). The petition must be filed within two years of entry of the judgment or order. *Id.* § 2-1401(c). To obtain relief under section 2-1401, a petitioner must establish by a preponderance of the evidence that his defense or claim would have precluded judgment against him and that he was diligent in discovering and presenting his section 2-1401 petition. *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). A 2-1401 petition may be used to assert a legal challenge to a final judgment. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). Our review of a legal challenge to the dismissal of a section 2-1401 petition is *de novo. People v. Cathey*, 2019 IL App (1st) 153118, ¶ 22.

¶ 12 It is a " 'question of jurisdiction' " as to whether a judgment is void or voidable. *Castleberry*, 2015 IL 116916, ¶ 11 (quoting *People v. Davis*, 156 Ill. 2d 149, 155 (1993). Where the court lacks jurisdiction, any judgment it enters is void but where a court has jurisdiction and enters an erroneous judgment, the judgment is voidable and not subject to collateral attack. *Id.* (citing *Davis*, 156 Ill. 2d at 155-56). In *Castleberry*, the supreme court abolished the void judgment rule, finding that jurisdiction was constitutionally conferred, and a statutory deficiency did not void a judgment where the court had both subject matter and personal jurisdiction. *Id.* ¶ 19.

¶ 13 On appeal, Williams does not dispute that the trial court had both personal and subject matter jurisdiction over him when it entered judgment in 1988. Rather, he argues that the judgment was voidable and exceptions to the statute of limitations allow him to maintain this action. At the hearing on his section 2-1401 petition, Williams acknowledged that *Castleberry* negated his claim that the 1988 judgment was void. He agreed that dismissal of the petition was the appropriate

4

procedural step to allow his counsel to investigate other bases, if any, to refile the petition. The petition was not refiled. Rather, Williams filed a motion to reconsider the dismissal of his petition and then appealed.

¶ 14 Because more than two years have passed since judgment was entered, Williams's petition is barred unless an exception to the limitations period applies. He asserts that because of his intellectual challenges, he was under legal disability or duress when he entered the plea resulting in the 1988 judgment, thus the limitations period was tolled. He also states without argument that a fraudulent concealment of the grounds for relief tolls the statutory period.

¶ 15 Williams offers no evidence in support of his assertions other than implication and conclusion. He does not present any facts indicating he was unable to understand the plea. He points to his prior finding of unfitness as support but omits that he was later restored to fitness after treatment and able to stand trial. His borderline intellectual ability, without more, does not establish he could not understand the plea. There is no indication in the record of the plea hearing that Williams could not understand the plea. At the hearing, defense counsel stated he had reviewed the two psychiatric evaluations with Williams and discussed how Williams wanted to proceed. Williams was informed and acknowledged that he could change his mind about the plea. The trial court questioned Williams about the plea. It was aware Williams had been in special education starting in third grade and he was on medication for his epilepsy.

¶ 16 The court found Williams understood the nature and extent of the allegations against him and the consequences of the plea. It further found that Williams's admission was voluntary. Williams advances no evidence or argument to defeat those facts. *Cavitt v. Repel*, 2015 IL App (1st) 133382, ¶ 45 (it is the petitioner's burden to allege and prove facts sufficient to justify relief under section 2-1401). As Williams concedes, the 1988 judgment was voidable. Because the 1988

5

judgment was voidable, Williams was required to bring his section 2-1401 petition within two years of entry of the judgment order. He did not do so. Nor did he prove that the two-year limitations period was tolled. Accordingly, we find the two-year statute of limitations applies and bars his claim. The trial court's order granting the State's motion to dismiss was not in error.

¶ 17    Williams also asserts on appeal that his original trial counsel was ineffective for failing to raise the issue of his fitness to enter the plea agreement and to request a fitness hearing.

¶ 18    To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that the defective performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney provides deficient representation when he fails to ensure that the defendant entered his plea voluntarily and intelligently. *People v. Hall*, 217 Ill. 2d 324, 335 (2005). To establish prejudice, the defendant must show there is a reasonable probability that absent his counsel's deficient performance, he would not have pleaded guilty but would have proceeded to trial. *Id.*

¶ 19    Williams does not present any argument regarding this issue other than to claim that trial counsel should have requested a fitness hearing and failed to follow the proper statutory procedures. He looks to his prior finding of unfitness for trial in 1983 and the 1988 psychiatric reports evaluating his sexual dangerousness as support for his assertion that his plea could not have been willingly and intelligently made due to his intellectual disabilities. As discussed above, there was no indication at the plea hearing that Williams could not understand the proceedings. The court expressly found he could and that his plea was voluntary. Williams does not demonstrate how counsel's failure to seek a fitness hearing amounted to deficient performance or how he was prejudiced by counsel's deficient representation. Williams also complains generally that trial counsel failed to follow the statutory procedures under the Sexually Dangerous Persons Act (725

6

ILCS 205/0.01 (West 2018)). These conclusory allegations are insufficient to sustain a claim of ineffective assistance. We find Williams did not receive ineffective assistance of counsel.

¶ 20 Williams next complains the trial court erred when it denied his motion to reconsider the dismissal. In the motion, he argued that the dismissal order would prevent him from challenging a void judgment that was entered before *Castleberry*. He asserts this bar would be against the interests of justice. He did not advance any specific argument on this claim on appeal.

¶ 21 "The purpose of a motion to reconsider is to bring to the court's attention (1) newly discovered evidence that was not available at the time of the first hearing, (2) changes in the law, or (3) errors in the court's application of existing law. *People v. Teran*, 376 Ill. App. 3d 1, 4-5 (2007). A motion to reconsider should not be used to present the same arguments again or reargue the case. *Id.*

¶ 22 Williams does not present new evidence, changes in the law or errors by the court in applying existing law in seeking reconsideration of the dismissal of his motion to vacate the 1988 judgment. The information about his intellectual disabilities and absence of a fitness hearing were known at the time of the plea hearing and is not new evidence. He did not submit any legal authority changing *Castleberry*'s abolition of the void judgment rule. He did not describe any errors the court made in applying the existing law. Williams merely surmises that the trial court's order prevents him and other movants from challenging void judgments. The trial court recognized Williams's argument but stated he failed to offer any new information, changes in the law or a specific allegation of trial court error. We find the trial court did not err in denying the motion to reconsider.

¶ 23 We briefly address the trial court's pronouncement that this court must resolve Williams's argument that because he was unfit, he could not also be held responsible for meeting statutory

7

guidelines or deadlines and to hold him responsible would create an injustice. Under the instant set of facts, there is no support for Williams's claim of unfitness. Moreover, he was not without an avenue to pursue relief under section 2-1401, and had he been unfit, the statutory limitations period would have tolled.

¶ 24                                    CONCLUSION

¶ 25          For the foregoing reasons, the judgment of the circuit court of Fulton County is affirmed.

¶ 26          Affirmed.