NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200132-U

NO. 4-20-0132

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 29, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| BRANDON COLLIER, | ) | No. 15CF1119 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, holding that the trial court did not err in summarily
dismissing defendant's *pro se* postconviction petition.

¶ 2    Defendant, Brandon Collier, filed a *pro se* postconviction petition raising several

claims of deprivation of constitutional rights. The trial court summarily dismissed the petition,

finding it to be frivolous and patently without merit. Defendant appeals, arguing his

postconviction petition set forth the gist of a claim that his trial counsel was ineffective for

failing to (1) investigate and call four alibi witnesses and (2) adequately advise him concerning

his right to testify. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       Defendant was charged with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2014)) for causing the death of Terron Jackson.

¶ 5       The matter proceeded to a jury trial. A detailed account of the trial evidence is contained in our order in defendant's direct appeal. *People v. Collier*, 2019 IL App (4th) 160880-U, ¶¶ 5-43. Included in the evidence presented by the State was the testimony of two eyewitnesses who saw defendant shoot the victim on the night of the incident. The State also presented evidence that defendant told a police officer he was at home at the time of the shooting. After the State rested, the trial court asked defense counsel if defendant had decided not to testify. Defense counsel stated it was defendant's decision not to testify. The court asked defendant if that was correct, and defendant replied, "Yes, sir." During closing arguments, defense counsel argued the State's witnesses were not credible. Counsel also argued defendant was not the shooter based on his statement to the police that he was at home at the time of the shooting.

¶ 6       The jury found defendant guilty of first degree murder, and the trial court sentenced him to 60 years' imprisonment.

¶ 7       On direct appeal, we affirmed the judgment of the trial court. *People v. Collier*, 2019 IL App (4th) 160880-U, ¶ 89.

¶ 8       Defendant, *pro se*, filed a postconviction petition setting forth numerous claims. Relevant to this appeal, defendant alleged his trial counsel provided ineffective assistance where counsel failed to call Eric Dorsey, Nesha Collier, Darious Posey, and Harvey Collier to testify on his behalf. Defendant informed his trial counsel of these witnesses and asked counsel to call them at trial. Counsel "was provided information in regards as to what each witness would testify to and be able to contradict portions of the People's evidence and theories." According to the

petition, counsel never explained to defendant that he would not call these witnesses but rather indicated they would be called.

¶ 9    Defendant alleged Dorsey, Nesha, and Harvey would have testified that defendant came home between 8 and 9 p.m. Defendant told them he was going to the residence of someone named D.J. and left. The three individuals would have testified defendant then returned home at approximately 10 or 11 p.m. Defendant did not leave the residence for the rest of the night.

¶ 10    Defendant alleged Posey would have testified that he and defendant went swimming and left the pool at 8:30 or 9 p.m. Posey went home and played video games. Defendant went to Posey's residence at approximately 9:30 p.m. and left at approximately 10:45 p.m. Defendant left and said he was going home to go to sleep.

¶ 11    Defendant did not specify in the petition which night these events allegedly occurred, but he was presumably referring to the night of the incident.

¶ 12    Defendant included a signed attestation with his petition averring that the statements and comments regarding his claim that trial counsel was ineffective for failing to call Dorsey, Nesha, Harvey, and Posey were true and correct to the best of his knowledge.

¶ 13    Defendant also alleged his trial counsel provided ineffective assistance where counsel provided him with improper advice concerning his right to testify. Specifically, defendant alleged he had informed his trial counsel of his desire to testify to provide the jury with his story in support of his innocence. Trial counsel told defendant it was not necessary for him to testify because the State could not prove its case, and anything defendant might say could harm his case. According to the petition, at the conclusion of the State's case in chief, defendant again advised trial counsel of his desire to testify. Trial counsel told defendant it was " 'looking very good' " and " 'the State had not proven its case.' " Defendant alleged these comments gave

him the clear impression he would be found not guilty and caused him to be afraid that his testimony could harm his case. Defendant further alleged counsel never explained to him what he was giving up by not testifying or that he had a constitutional right to testify. Defendant alleged that if he had understood the importance of the decision as to whether to testify, he would not have "parted with such a substantial right."

¶ 14　　　　Defendant also alleged he was denied his rights to due process, equal protection, and a fair trial where the trial court failed to properly admonish him concerning his right to testify at trial. Defendant contended that the trial court failed to ascertain whether he knew he had a right to testify, he intended to forgo his right to testify, and whether he felt pressured to forgo his right to testify. Defendant alleged he would have testified at trial if the court had properly admonished him.

¶ 15　　　　Attached to defendant's petition was his own notarized affidavit. In the affidavit, defendant stated that if he had been called to testify, he would have stated he went swimming on the evening of the incident. He left the pool at approximately 8:30 p.m. and arrived at his residence at approximately 9 p.m. He then went to D.J.'s house and later returned home at 10:30 or 11 p.m. Defendant averred he subsequently made something to eat and went to sleep. He stated he was not at the scene of the shooting on the night of the incident and was not involved in the shooting. Further, defendant stated he wanted to testify but did not due to the advice of counsel.

¶ 16　　　　The trial court entered an order summarily dismissing defendant's postconviction petition, finding it to be frivolous and patently without merit. This appeal followed.

¶ 17　　　　　　　　　　　　　II. ANALYSIS

¶ 18	On appeal, defendant argues the trial court erred in summarily dismissing his *pro se* postconviction petition because he set forth the gist of a constitutional claim that trial counsel provided ineffective assistance in (1) failing to investigate and call his four alibi witnesses and (2) giving him inadequate advice concerning his right to testify. We address each argument in turn, employing *de novo* review. See *People v. Hodges*, 234 Ill. 2d 1, 9 (2009).

¶ 19	A. Failure to Investigate and Call Alibi Witnesses

¶ 20	Defendant first argues the trial court erred in summarily dismissing his *pro se* postconviction petition because he set forth the gist of a claim of ineffective assistance of trial counsel in that counsel failed to investigate his four alibi witnesses—Dorsey, Posey, Nesha, and Harvey. Defendant contends that he informed counsel of these witnesses prior to trial, and counsel failed to call them. Defendant argues it was unreasonable for trial counsel not to investigate these witnesses because alibi evidence would have strengthened his case and worked in concert with his theory at trial.

¶ 21	Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), individuals serving criminal sentences may file petitions asserting there was a substantial denial of their constitutional rights in the proceedings that resulted in their convictions. There are three stages to a postconviction proceeding. *People v. Tate*, 2012 IL 112214, ¶ 9. At the first stage, the trial court independently reviews the petition and determines whether the petition "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(b) (West 2020); see also *Tate*, 2012 IL 112214, ¶ 9. "A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Tate*, 2012 IL 112214, ¶ 9. At the first stage of proceedings, "[t]he allegations of the petition, taken as true and liberally

construed, need only present the gist of a constitutional claim." *People v. Brown*, 236 Ill. 2d 175, 184 (2010).

¶ 22 Under section 122-2 of the Act, "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2020). The purpose of this requirement is "to establish that a petition's allegations are capable of objective or independent corroboration." *Hodges*, 234 Ill. 2d at 10. "The supporting material must (1) show 'the petition's allegations are capable of corroboration' and (2) identify 'the sources, character, and availability of evidence alleged to support the petition's allegations.' " *People v. Harris*, 2019 IL App (4th) 170261, ¶ 12 (quoting *People v. Allen*, 2015 IL 113135, ¶ 34). "[T]he failure to either attach the necessary 'affidavits, records, or other evidence' or explain their absence is 'fatal' to a post-conviction petition [citation] and by itself justifies the petition's summary dismissal." *People v. Collins*, 202 Ill. 2d 59, 66 (2002) (quoting *People v. Turner*, 187 Ill. 2d 406, 414 (1999)).

¶ 23 Here, defendant failed to attach affidavits from the four alibi witnesses or other evidence showing that his claim that trial counsel was ineffective for failing to call or investigate the witnesses was subject to independent corroboration. The failure to attach the necessary affidavits or other evidence was fatal to defendant's claim and justified the summary dismissal of the petition with regard to the claim. See *Collins*, 202 Ill. 2d at 66.

¶ 24 We reject defendant's argument that his attestation to the claim and his own affidavit were sufficient supporting evidence to survive summary dismissal. Citing *People v. Dupree*, 2018 IL 122307, defendant contends he was not required to attach affidavits from Dorsey, Posey, Nesha, and Harvey to meet the supporting evidence requirement of section 122-2 of the Act (725 ILCS 5/122-2 (West 2020)).

¶ 25 Pursuant to *Dupree*, an affidavit from the witness is not always required where a postconviction petitioner raises a claim of ineffective assistance of counsel based on counsel's failure to call or investigate a proposed witness. *Dupree*, 2018 IL 122307, ¶ 34. Rather, a petitioner may use any supporting evidence that sufficiently demonstrates the alleged constitutional deprivation. *Id.* ¶ 32.

¶ 26 Here, defendant's own affidavit and his attestation to his ineffective assistance of counsel claim was not sufficient supporting evidence. "The purpose of the 'affidavits, records, or other evidence' requirement is to establish that a petition's allegations are capable of objective or independent corroboration." *Hodges*, 234 Ill. 2d at 10. However, "common sense dictates that a defendant's own affidavit is not at all objective or independent." *People v. Teran*, 376 Ill. App. 3d 1, 4 (2007). Defendant provided no evidence that his own allegations were capable of objective, independent corroboration, and he provided no explanation for the lack of affidavits from the proposed witnesses or other evidence supporting his claim. The absence of this supporting evidence justified the summary dismissal of the petition. See *Collins*, 202 Ill. 2d at 66.

¶ 27                                    B. Right to Testify

¶ 28 Defendant next argues he presented the gist of a claim that his trial counsel provided ineffective assistance in failing to accurately advise him concerning his right to testify. Defendant also notes that the trial court did not provide any admonishments concerning his right to testify.

¶ 29 When a defendant sets forth a claim of ineffective assistance of counsel in a postconviction petition, the standard to be applied at the first stage is "whether it is arguable that counsel's performance fell below an objective standard of reasonableness and whether it

is arguable that the defendant was prejudiced." *Tate*, 2012 IL 112214, ¶ 22. "Advice not to testify is a matter of trial strategy and does not constitute ineffective assistance of counsel unless evidence suggests that counsel refused to allow the defendant to testify." *People v. Youngblood*, 389 Ill. App. 3d 209, 217 (2009). Matters of trial strategy are "generally immune from claims of ineffective assistance of counsel." *People v. West*, 187 Ill. 2d 418, 432 (1999). "The only exception to this rule is when counsel's chosen trial strategy is so unsound that 'counsel entirely fails to conduct any meaningful adversarial testing.' " *Id.* at 432-33 (quoting *People v. Guest*, 166 Ill. 2d 381, 394 (1995)).

¶ 30       Here, taking the allegations in the *pro se* petition as true, it is not arguable that trial counsel's performance fell below an objective standard of reasonableness. Defendant's allegations do not indicate trial counsel refused to allow defendant to testify or gave defendant misleading or legally incorrect advice. Rather, the allegations in the petition show defendant chose not to testify after counsel advised him not to. Counsel allegedly told defendant things were " 'looking very good' " for defendant, the State could not prove its case, defendant's testimony was unnecessary, and defendant's testimony might harm his case. These allegations indicate counsel's advice not to testify was strategic and was based on counsel's professional assessment of the potential risks and benefits of testifying. Such allegations cannot support a claim that counsel's advice was not objectively reasonable. See *People v. Coleman*, 2011 IL App (1st) 091005, ¶ 31;see also *People v. Perry*, 224 Ill. 2d 312, 355 (2007) ("[E]ven if defense counsel makes a mistake in trial strategy or tactics or an error in judgment, this will not render representation constitutionally defective.").

¶ 31       Defendant also notes that while the trial court asked him during the trial if it was his decision not to testify, the court did not admonish him concerning his right to testify.

However, "the trial court is not required to advise a defendant of his right to testify, to inquire whether he knowingly and intelligently waived that right, or to set of record defendant's decision on this matter." *People v. Smith*, 176 Ill. 2d 217, 235 (1997).

¶ 32                                    III. CONCLUSION

¶ 33            For the reasons stated, we affirm the trial court's judgment.

¶ 34            Affirmed.